IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY TOLBERT, #139 673, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GOVERNOR KAY IVEY, *et al.*, )<br>)<br>    Defendants. ) | CASE NO. 2:19-CV-557-MHT-SMD<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He filed this *pro se* 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment rights after being assaulted by another inmate while confined at the Draper Correctional Facility in May of 2017.[1] His Complaint for damages is filed against Governor Kay Ivey, Commissioner Jefferson Dunn, and Commissioner Eddington. (Doc. 1). Upon review, the undersigned concludes that dismissal of Plaintiff's Complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] The Court considers April 24, 2019, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on August 2, 2019, Plaintiff signed and executed his Complaint on April 24, 2019, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

[2] The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3). A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

**A. Defendants Ivey, Dunn, and Eddington**

In May 2017, while housed in segregation, Plaintiff requested a morning walk. After securing Plaintiff with leg irons, handcuffs, and a belly chain, guards took him and other inmates on a walk. Subsequently, another inmate housed in close custody was also brought out for a walk. Correctional officers, however, had not secured the inmate with a belly chain or leg irons. Plaintiff maintains the inmate stabbed him and two other inmates and he received medical treatment because of the assault. (Doc. 1) at 6.

Plaintiff references a report issued by the Department of Justice in April 2019, a copy of which he maintains was sent to Defendant Ivey, which concluded there is reason to believe that conditions in the Alabama state prisons violate the Eighth Amendment to include a failure to protect prisoners from inmate-on-inmate violence. To the extent Plaintiff attempts to implicate Defendants Ivey, Dunn, and Eddington regarding the specific incident at Draper about which he complains through the concept of respondeat superior, he is entitled to no relief.

A § 1983 action will not support a claim under a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding doctrine of respondeat superior is inapplicable to § 1983 actions). The *Iqbal* Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a respondeat superior theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id*. at 676-77 (holding "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory

2

of respondeat superior. . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978) (holding doctrine of respondeat superior is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (holding "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of respondeat superior; the official must actually have participated in the constitutional wrongdoing").

Based on this standard, Plaintiff has alleged nothing to affirmatively link Defendants Ivey, Dunn, and Eddington to the alleged violation of his constitutional rights regarding the May 2017 inmate assault. To the extent Plaintiff essentially claims that the named defendants are liable under § 1983 as, respectively, a Governor, a prison commissioner, and associate prison commissioner, without alleging any fact from which it can be inferred that they knew of or acted deliberately towards Plaintiff's safety regarding the challenged incident, is insufficient. Accordingly, Plaintiff's failure to protect claim

against Defendants Ivey, Dunn, and Eddington is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Negligence**

Plaintiff complains the inmate assault about which he complains resulted from the negligence of the prison guards who failed to secure the inmate who assaulted him with a belly chain and leg irons. Even if granted an opportunity to amend his Complaint to name the guards as defendants, Plaintiff's negligence claim against them would entitle him to no relief.

The Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). Here, Plaintiff's contention that prison guards acted negligently by failing to more fully secure the inmate who assaulted him shows, at most, a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 333; *see also Whitley v. Albers*, 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . safety"). Based on the foregoing, the undersigned concludes that the alleged negligent conduct about which Plaintiff complains does not rise to the level of a constitutional violation.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further

ORDERED that **on or before September 18, 2019**, Plaintiff may file an objection to this Recommendation.  Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.  Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 4th day of September 2019.

/s/ Stephen M. Doyle  
UNITED STATES MAGISTRATE JUDGE