IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY TOLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv557-MHT |
| | ) | (WO) |
| KAY IVEY, Governor, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit against several State officials after allegedly being assaulted by another inmate. The case is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's complaint be dismissed without prejudice for failure to state a claim on which relief can be granted. Although there are no objections to the recommendation, the court, after an independent and de novo review of the record, will allow the plaintiff

an opportunity to amend the complaint rather than dismiss it.[1]

In his pro se complaint, plaintiff states that he was stabbed by another inmate in the segregation unit's

---

1. The Prison Litigation Reform Act restricts the ability of a pro se inmate such as plaintiff to proceed in forma pauperis, and thus avoid paying any filing fees to the clerk of court prior to the commencement of a civil suit, "if the prisoner has, on 3 or more prior occasions ... brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals has "issued opinions indicating that dismissals without prejudice count as 'strikes' under the statute." *Nunn v. Thompson*, No. 2:10CV338-WHA, 2010 WL 3829643, at *1 (M.D. Ala. Sept. 29, 2010) (Albritton, J.) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on different grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The court notes that the United States Supreme Court is set to determine whether a dismissal without prejudice for failure to state a claim should in fact properly count as a strike against prisoners such as plaintiff. *See Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 757 (10th Cir. 2018), *cert. granted in part*, No. 18-8369, 2019 WL 5281291 (U.S. Oct. 18, 2019). Regardless, because plaintiff's suit is not to be dismissed at this time, with or without prejudice, plaintiff's suit does not, for now, constitute a strike.

exercise area. *See* Complaint (doc. no. 1) at 6 ¶ 1. He included the names of two officers who brought him and other prisoners into the exercise area with restraints--described as a belly chain, leg irons, and hand cuffs--and then brought their attacker into the same area without restraints. *See id*. Based on this, plaintiff alleged "an Eight[h] Amendment violation by the defendants due to their failure to protect [him] from prisoner-on-prisoner violence." *Id*. at 5. But plaintiff described the two officers as merely "negligen[t]" rather than deliberately indifferent, *id.* at 6 ¶ 1, and did not name them as defendants. Instead, he named Governor Kay Ivey, Commissioner Jefferson Dunn, and "Commissioner Eddington."[2] As a result of these omissions, the court agrees with the magistrate judge's view that the current allegations in

---

2. The court believes plaintiff may be referring to Edward Ellington, then the warden of Draper Correctional Facility where the alleged assault occurred.

the complaint fail to state a claim, and will adopt the recommendation to that extent.

However, the court disagrees with the recommendation to the extent that the magistrate judge reasoned that granting plaintiff leave to amend the complaint would be futile.  The magistrate judge opined that, "Even if granted an opportunity to amend his Complaint to name the guards as defendants, Plaintiff's negligence claim against them would entitle him to no relief."  Report and Recommendation (doc. no. 4) at 4. While plaintiff used the word "negligent" in his complaint to describe the actions of the officers, the court does not find this word selection determinative. Because plaintiff is pro se and unlearned in the law, the court will not assume that his use of the word "negligent" reflects an intentional choice of legal theory.

Although negligent acts on their own do not rise to the level of an Eighth Amendment violation, "[a] prison

official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [does] violate[] the Eighth Amendment," to use the language of the United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference is a higher standard than negligence and is similar to recklessness, where a person "disregards a risk of harm of which [they are] aware." *Id*. at 837.

It is possible that plaintiff could amend his complaint to state a viable Eighth Amendment deliberate-indifference claim against the two officers if he could state facts showing that the officers "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" when they placed the unshackled prisoner in the exercise area with him. *Id.* Importantly, in order to state a viable claim, "the [officers] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the officers] must also draw

the inference." *Id*. However, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id. at 842*. It also "does not matter whether ... [plaintiff] face[d] an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843.

**\*\*\***

Accordingly, it is ORDERED that:

(1) The recommendation of the magistrate judge (doc. no. 4) is adopted only to the extent that it finds that the complaint, as currently drafted, fails to state a claim for relief.

(2) The magistrate judge shall enter an appropriate order granting the plaintiff an opportunity to file an amended complaint.

This case is referred back to the United States Magistrate Judge for further proceedings.

DONE, this the 5th day of November, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**