IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY TOLBERT, #139673, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:19-CV-557-MHT-SMD ) (WO) |
| OFFICER SINGLETON, *et al.*, | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint docketed on August 2, 2019[2], by Rodney Tolbert, an indigent state inmate, challenging actions which occurred at Draper Correctional Facility. (Doc. 12). Specifically, Tolbert alleges that the Defendant Officers Singleton and Rudolph acted with deliberate indifference when on May 19, 2017, they failed to protect him by allowing another inmate, who was not properly restrained with "a belly chain, leg irons and handcuffs," to attack him while they were on a walk. *Id.* at p. 6.

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] The Court previously determined April 24, 2019, to be the filing date of the complaint based on the signature and testament of Plaintiff on this date. (Doc. 4 at FN 1). Indeed, a pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. U.S.,* 173 F. 3d 1339, 1340-41 (11th Cir. 1999).

The Defendants filed a special report (Doc. 20) and a supplemental special report. (Doc. 24). These special reports, as supplemented, included relevant evidentiary materials in support of these reports, specifically affidavits and prison documents addressing the claims presented by Tolbert. In these documents, the Defendants deny they acted with deliberate indifference to Tolbert's safety needs.

After reviewing the special reports and exhibits, the court issued an order on June 10, 2020, requiring Tolbert to file a response to the Defendants' special reports, supported by affidavits or statements made under penalty of perjury and other evidentiary materials. (Doc. 27). This order specifically cautioned that "**unless within 10 (10) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special reports and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." (Doc. 27 at p. 3). Tolbert filed a response to this order. (Doc. 30). Pursuant to the directives of the order entered on June 10, 2020, the court now treats the Defendants' special report and supplement thereto as a motion for summary judgment and concludes that summary judgment is due to be granted in favor of the Defendants.

## II. SUMMARY JUDGMENT STANDARD

To survive the properly supported motion for summary judgment submitted by ADOC Defendants, Plaintiff must produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). "The leniency the Court must apply does not mean the normal summary judgment standard is discarded; nor can the

Court accept factual averments completely unsupported by the record." *Jones v. Wal-Mart Assocs., Inc.*, No. 1:19-CV-03705-SDG, 2021 WL 243285, at *2 (N.D. Ga. Jan. 25, 2021) (citing *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) ("Although a *pro se* complaint is entitled to a less strict interpretation, a *pro se* plaintiff is not excused from meeting the essential burden of establishing that there is a genuine issue as to a fact material to his case. When a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required.") (citation and punctuation omitted in original); *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) ("[A] *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."))

Here, after a thorough and exhaustive review of all the evidence which would be admissible at trial, the court finds that Tolbert has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the Defendants.

### III.  FACTS

Tolbert alleges that while he was housed in segregation in Draper Correctional Facility pending disciplinary, he asked to go on a walk on the morning of May 19, 2017. Defendant Officers Singleton and Rudolph returned later and placed Plaintiff in a belly chain, leg irons and handcuffs and took him and other inmates for a walk. (Doc. 12 at p. 6). Later, the Defendant Officers brought another inmate "in closed custody on the walk

4

'without' the proper restrains {sic} on ['NO BELLY CHAIN AND/OR LEG IRONS']. Because this inmate was not properly secured in a belly chain; leg irons and handcuffs by Officer Singleton & Rudolph, Tolbert was stabbed by this inmate." *Id.* He further alleges that Defendant Officers Singleton and Rudolph are liable for his injuries, which required medical attention, because they acted with "'deliberate indifference' to the risk of serious physical harm or death to Tolbert & others when they brought a 'CLOSE CUSTODY' inmate on the walk not properly secured." *Id.* As support for his claim of deliberate indifference, Tolbert points to an April 2, 2019, U.S. Department of Justice report to Alabama Governor Kay Ivey concerning the Alabama prison system's failure to protect inmates from prisoner-on-prisoner violence, among other threats, due to deficiencies in staffing and supervision and overcrowding. (Doc. 12 at p. 7).

The incident report of the May 19, 2017, assault states as follows:

> [A]t approximately 12:00 PM, Officers Kevin Rudolph and Stacey Singleton, Restrictive Housing Unit Rovers, were conducting inmate walks on the Restrictive Housing Unit Exercise Yard. Officer Singleton was standing at the entrance door leading to the walk-yard when he observed inmate Gerald Hill W/234175, reverse his handcuffs from the rear by stepping through the restraints and placing both of his hands to the front and attack inmates Sean Howard B/243641, Rodney Torbert B/134673, {sic}and Antonio McGhee B/206310, who were currently walking on the exercise yard. Inmate Hill stabbed inmate Howard in the upper and lower left chest area, utilizing an inmate made knife and striking inmate Torbert {sic} on the head behind the right ear. Officer Singleton immediately separated inmate Hill from inmates Howard, Torbert, {sic}and McGhee and escorted inmate Hill to the shower area. . . . . At approximately 12:30 PM Sergeant Hills and Officer Burns escorted inmates Howard, Torbert {sic} and McGhee to the Staton Healthcare Unit for a medical assessment (See attached Medical Reports.).

(Doc. 20-3 at p. 3). Both Defendant Officers' Affidavits confirm the substance of the

above report and further state that inmates Hill, Howard, Tolbert, and McGhee were cuffed behind their backs prior to leaving their cells and were strip searched as well before exercising. (Doc. 20-1 at pp. 1-2 and Doc. 20-2 at pp. 1-2). They specifically deny that Hill was not properly restrained or searched on May 19, 2017. *Id.*

## IV.  DISCUSSION

**A.  DELIBERATE INDIFFERENCE**

    **1. <u>Standard of Review</u>.**  "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994) (internal quotation marks and citations omitted). Officials responsible for prison inmates may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health and safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it. *Id.* at 828. A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.

"Within [a prison's] volatile community, prison administrators are to take all necessary steps to ensure the safety of . . . the prison staffs and administrative personnel. . . . They are [also] under an obligation to take reasonable measures to guarantee the safety of the inmates themselves." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984) (internal quotation marks omitted). The Eleventh Circuit has, however, consistently stressed that a "prison custodian is not the guarantor of a prisoner's safety." *Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990); *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313 (11th Cir. 2005) (same). "Only [a] prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (internal quotation marks and citation omitted). "[D]eliberate indifference describes a state of mind more blameworthy than negligence" and, therefore, ordinary lack of due care for a prisoner's health or safety will not support an Eighth Amendment claim. *Farmer*, 511 U.S. at 837. "In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation [under the Eighth Amendment], there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to a constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).

The law is well settled that establishment of both objective and subjective elements are necessary to demonstrate an Eighth Amendment violation. *Caldwell*, 748 F.3d at 1099. With respect to the requisite objective elements of a deliberate indifference claim, an

7

inmate must first show "an objectively substantial risk of serious harm . . . exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028-29 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual conditions; it outlaws cruel and unusual punishments. . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837-38 (internal quotation marks omitted); *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a

> "'sufficiently culpable state of mind.""" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991). . . . Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists – and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). A defendant's subjective knowledge of the risk must be specific to that defendant because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . . Each individual Defendant must be judged separately and on the basis of what that person [knew at the time of the incident]." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). Moreover, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility before a [state official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (internal quotation marks and citations omitted). Thus, "[m]erely negligent failure to protect an inmate from attack does not justify liability under section 1983." *Id*. Even where a prison official perceives a serious risk of harm to an inmate, the official "may still prevail if he responded reasonably to the risk, even if the harm ultimately was not averted." *Comstock v. McCrary*, 273 F.3d 693, 706 (6th Cir. 2001) (internal quotation marks and citation omitted). In sum, prison officials cannot be held liable under the Eighth Amendment unless there is an objectively substantial risk of harm to an inmate, the defendants have knowledge of this substantial

risk of harm and with this knowledge consciously disregard the risk. *Farmer*, 511 U.S. at 837.

**2. <u>Failure to Protect</u>.** To survive the properly supported motion for summary judgment filed by the Defendants, Tolbert must first demonstrate an objectively substantial risk of serious harm existed to him and "that the defendants disregarded that known risk by failing to respond to it in an objectively reasonable manner." *Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014), citing *Caldwell*, 748 F.3d at 1100. If he establishes these objective elements, Tolbert must then satisfy the subjective component. This requires Tolbert to show "that [each] defendant subjectively knew that [he] faced a substantial risk of serious harm. The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. (internal citation omitted).

> To survive a motion for summary judgment, a plaintiff must submit evidence that the defendant-official had subjective knowledge of the risk of serious harm. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). In determining subjective knowledge, a court is to inquire whether the defendant-official was aware of a "particular threat or fear ***felt by [the] [p]laintiff***." *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir.2003) (emphasis added). Moreover, the defendant-official "must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists — and the prison official must also draw that inference." *Id*. at 1349 (quotations omitted).).

*Johnston v. Crosby*, 135 F. App'x 375, 377 (11th Cir. 2005) (emphasis in original).

The undisputed evidence shows that on the morning of May 19, 2017, Plaintiff, McGhee, Howard, and Hill, were removed from their cells by Defendant Officers and taken

for a walk. During this walk Hill assaulted Plaintiff and the other inmates with a small sharp object. Immediately, Defendant Officer Singleton separated the inmates, placing Hill in the shower area, and other officers assisted by taking Plaintiff and inmates McGhee and Howard for medical attention. Plaintiff disputes the Defendant Officers' statements that Hill was properly searched and restrained prior to the walk. Even assuming as the court must on summary judgment the truth of Plaintiff's facts, there is no evidence that the Defendant Officers possessed any knowledge that Hill, without proper restraint, was a threat to the Plaintiff and other inmates' safety.

Indeed, based upon the court's careful review of all the evidence, the court concludes that the Plaintiff fails to allege, much less offer any proof, that the Defendants were aware he was at risk for suffering an assault by Hill. Nor does he allege anywhere in his pleadings that he himself feared assault at the hands of inmate Hill. Further, Plaintiff offers no evidence of intent by Defendant Officers to allow inmate Hill to remain unrestrained and to act as a threat to Plaintiff and others. Additionally, Plaintiff offers no evidence that the Defendant Officers deliberately refused to intercede in the altercation or encouraged it in anyway. Rather, the undisputed evidence shows that the Defendant Officers immediately interceded in the assault by Hill against Plaintiff and others and separated Hill while taking Plaintiff and the other inmates for medical attention.

Plaintiff's sole claim concerning Defendant Officers' awareness of risk of assault against him by Hill centers on the existence of April 2, 2019, report from the Department

of Justice which "informed Governor Kay Ivey that the investigation into the conditions of confinement violates the 8th Amendment of the United States Constitution." (Doc. 30 at p. 8). However, he fails to demonstrate how this report placed the Defendant Officers on notice of any specific risk of assault to him by inmate Hill in 2017. Indeed, Plaintiff's own statement of the facts demonstrates that Defendant Officers upon witnessing the assault responded quickly to stop the attack by Hill on Plaintiff and others. Thus, the court concludes that summary judgment is due to be granted in favor of the Defendants on the claim alleging they acted with deliberate indifference to Tolbert's safety.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the Defendants.

3. This case be DISMISSED with prejudice.

4. No costs be taxed.

On or before **August 2, 2022,** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a

party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of July, 2022.

                    /s/   Stephen M. Doyle
                    UNITED STATES MAGISTRATE JUDGE